**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **HONOR WILLSON,** | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | **Case No. 1:18-cv-00076-JNP-PMW** |
| **DANI HERZOG and RUSTY BINGHAM,** | **District Judge Jill N. Parrish** |
| Defendants. | **Chief Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendant Dani Herzog's ("Ms. Herzog") motion to dismiss.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument on the motion is not necessary. *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff Honor Willson ("Ms. Willson") is proceeding pro se in this case. Consequently, the court will construe her pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 10.

[2] *See* docket no. 7.

## BACKGROUND[3]

This case is based upon a custody and guardianship action involving a minor child, L.M.[4] That action was filed by the State of Utah ("State") in the Utah Second District Juvenile Court.[5] Ms. Herzog is a Utah Department of Child and Family Service employee involved in that custody and guardianship action.[6] Ms. Willson is L.M.'s maternal grandmother.[7] After the State took custody of L.M., Ms. Willson attempted to enter the case and to obtain guardianship of L.M.[8] The State declined to award Ms. Willson guardianship, did not permit her to enter the case, and eventually terminated L.M.'s mother's parental rights on April 24, 2018.[9]

---

[3] Most of this background information is taken from Ms. Willson's complaint and documents that are either attached to or referenced in the complaint. Accordingly, they can properly be considered by the court in deciding Ms. Herzog's motion to dismiss. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). Additionally, the court takes judicial notice of certain state court cases, the contents of which will be referenced in the following factual background. The court recognizes that Rule 12(d) of the Federal Rules of Civil Procedure generally requires a court to treat a motion to dismiss as a motion for summary judgment when matters outside the complaint are considered. *See* Fed. R. Civ. P. 12(d). However, since the state court cases are the type of public records that are subject to judicial notice, the court's consideration of them does not require the court to treat Ms. Herzog's motion to dismiss as a motion for summary judgment. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *City of Phila. v. Fleming Cos.*, 264 F.3d 1245, 1251 n.4 (10th Cir. 2001); *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000).

[4] *See generally* docket no. 1.

[5] *See generally id*.

[6] *See id*. at 2.

[7] *See id*. at 6-7.

[8] *See id*. at 5.

[9] *See id*. at 5-6.

During the pendency of the custody and guardianship action, L.M.'s mother, Reeann Meenderink ("Ms. Meenderink"), filed a lawsuit against Ms. Herzog in the Utah Second District Court.[10] Ms. Meenderink's complaint alleged Ms. Herzog committed a "trespass" by taking custody of L.M.[11] Ms. Meenderink requested the court return L.M. to her custody and also requested monetary damages of $10,000 per wrongdoer.[12] Ms. Herzog moved to dismiss Ms. Meenderink's complaint because it failed to plead cognizable claims, the district court did not have subject matter jurisdiction, and Ms. Herzog is immune from suit.[13] The district court agreed and granted the motion, dismissing Ms. Meenderink's claims against Ms. Herzog with prejudice.[14]

Ms. Willson also filed a lawsuit before the Utah Second District Court against Assistant Utah Attorney General David Benard ("Mr. Benard"), the State attorney who signed the petition for custody and guardianship.[15] Similar to Ms. Meenderink's complaint, Ms. Willson alleged Mr. Benard committed a "trespass" by taking custody of L.M.[16] Ms. Willson requested the court relinquish custody of L.M. and award $100,000 in monetary damages "as well as the maximum

---

[10] *See* docket no. 7, Exhibit 1.

[11] *Id.* at 1.

[12] *See id.*

[13] *See* docket no. 7, Exhibit 2.

[14] *See* docket no. 7, Exhibit 3.

[15] *See* docket no. 7, Exhibit 4.

[16] *Id.* at 1.

amount allowed by law for the continued trespass and ongoing injury."[17] Mr. Benard moved to dismiss the complaint because the district court did not have subject matter jurisdiction and because Mr. Benard is immune from suit.[18] The district court agreed and granted the motion, dismissing Ms. Willson's claims against Mr. Benard with prejudice.[19]

      Ms. Willson now brings the current action, again alleging that the State committed a "trespass" when it took custody of L.M.[20] In addition to this claim, Ms. Willson's complaint alleges that the State prevented L.M. from living with her mother without "outside interference" and that the Utah Second District Juvenile Court violated Ms. Meenderink's right to due process when it failed to take certain matters into consideration before deciding the custody petition.[21] Ms. Willson alleges she was injured because the Utah courts "ordered [her daughter] to remain in [U]tah to be reunited with [L.M., against whom] they refused to give up jurisdiction," because Ms. Willson was denied guardianship, and because the state court judge declined to allow Ms. Willson "to enter the case."[22] Ms. Willson now seeks damages "for harming an entire family"; damages on behalf of her daughter, Ms. Meenderink; and for "money [Ms. Willson has] lost due

---

[17] *Id.* at 4.

[18] *See* docket no. 7, Exhibit 5.

[19] *See* docket no. 7, Exhibit 6.

[20] Docket no. 1 at 4.

[21] *Id.* at 4-7.

[22] *Id.* at 5.

4

to travel[,] lawyers[,] [and] shelter for [her] daughter and the loss of [her] granddaughter."[23]  In response to Ms. Willson's complaint, Ms. Herzog filed the motion to dismiss before the court.

## **LEGAL STANDARDS**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).  "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference."  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

In conducting the analysis of Ms. Herzog's motion, the court is mindful that Ms. Willson is proceeding pro se in this case and that "[a] pro se litigant's pleadings are to be construed

---

[23] *Id*. at 6.

liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## ANALYSIS

In her motion to dismiss, Ms. Herzog argues, *inter alia*, that all of Ms. Willson's claims in this action are barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill-Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) (footnote omitted); *see also* 28 U.S.C. § 1257(a) (providing that the Supreme Court has jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had"); *Bolden v. City of*

*Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments.") "Thus, in applying the *Rooker-Feldman* doctrine, [the court] focus[es] on whether the lower federal court, if it adjudicated [the] plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition." *Nudell*, 363 F.3d at 1075.

Under the *Rooker-Feldman* doctrine, a federal court is generally precluded "from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1194 (10th Cir. 2010) (quotations and citation omitted). "A claim is inextricably intertwined if 'the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress.'" *Weaver v. State of Utah*, No. 1:06-CV-82 TS, 2011 WL 3957527, at *2 (D. Utah Sept. 7, 2011) (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002)). The *Rooker-Feldman* doctrine also applies to "all persons directly bound by the state-court judgment, whether or not they appear in the case caption." *Davis v. Garcia*, 953 F. Supp. 2d 1205, 1216 (D. Utah 2013) (quotations, citation, and emphasis omitted).

Ms. Herzog argues that the *Rooker-Feldman* doctrine bars all of Ms. Willsons' claims in this case because all of Ms. Willson's alleged injuries were caused by state court judgments. The court agrees. Ms. Willson asserts several claims in this case, all of which stem from the Utah Second District Juvenile Court's entry of the custody petition. In her complaint, Ms. Willson alleges L.M. was deprived of the right to live with Ms. Meenderink and that Ms. Meenderink

7

was deprived of her due process. Both of those claims flow directly from decisions and orders entered in the state custody proceeding. Ms. Willson acknowledges this fact when she alleges in her complaint that her injuries arose because the juvenile court ordered Ms. Meenderink to remain in Utah, denied Ms. Willson guardianship of L.M., and denied Ms. Willson's request to enter the custody action. In other words, "'the state-court judgment[s] caused, actually and proximately, the injur[ies]'" for which Ms. Willson seeks redress in this action. *Weaver*, 2011 WL 3957527, at *2 (quoting *Kenmen Eng'g*, 314 F.3d at 473). Consequently, if this court were to adjudicate Ms. Willson's claims in this case, it would be "effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *Wagner*, 603 F.3d at 1194 (quotations and citation omitted). Thus, the *Rooker-Feldman* doctrine bars all of Ms. Willson's claims in this action. Accordingly, the court concludes that Ms. Herzog's motion to dismiss should be granted and that all of Ms. Willson's claims against Ms. Herzog in this action should be dismissed with prejudice.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Ms. Herzog's motion to dismiss[24] be GRANTED and that all of Ms. Willson's claims against Ms. Herzog in this action be DISMISSED WITH PREJUDICE.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

---

[24] *See* docket no. 7.

served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 27th day of February, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge