IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HONOR WILLSON,<br><br>               Plaintiff,<br>v.<br><br>DANI HERZOG and RUSTY BINGHAM,<br><br>               Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:18-cv-76-JNP-PMW<br><br>District Judge Jill N. Parrish |

Pro se plaintiff Honor Willson initiated this action on July 2, 2018 against Dani Herzog, an employee of Utah's Division of Child and Family Services, and Rusty Bingham, an officer in the Riverdale City Police Department. (ECF No. 1). On August 27, 2018, Ms. Herzog moved to dismiss the claims asserted against her, arguing that under the *Rooker-Feldman* doctrine a federal district court is without jurisdiction to hear those claims. (ECF No. 7). Ms. Willson filed an opposition on September 26, 2018 (ECF No. 12), to which Ms. Herzog replied on October 10, 2018 (ECF No. 15).

Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred this matter to Chief Magistrate Judge Warner on September 19, 2018 (ECF No. 10), and on February 27, 2019, Chief Magistrate Judge Warner issued a Report and Recommendation that Ms. Herzog's motion to dismiss be granted, and that Ms. Willson's claims against Ms. Herzog be dismissed with prejudice (ECF No. 17).

Ms. Willson did not file an objection to the Report and Recommendation, and therefore waived any argument that it was in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d

1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The court has reviewed the Report and Recommendation and concludes that it is not clearly erroneous and finds that the interests of justice do not warrant deviation from the waiver rule.

Thus, the court adopts Chief Magistrate Judge Warner's recommendation that Ms. Herzog's motion to dismiss be granted. However, while Chief Magistrate Judge Warner recommended that Ms. Willson's claims against Ms. Herzog be dismissed with prejudice, the Tenth Circuit requires that dismissals resulting from application of the *Rooker-Feldman* doctrine be without prejudice. "When the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits." *Donahou v. Oklahoma*, 153 F. App'x 471, 473 (10th Cir. 2005) (quoting *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004)); *see Garner v. Gonzales*, 167 F. App'x 21, 24 (10th Cir. 2006) (finding error in district court's dismissal with prejudice of claims barred by *Rooker-Feldman*).

Accordingly, the court **ADOPTS** the Report and Recommendation to dismiss Ms. Willson's claims against Ms. Herzog. The court **ORDERS** that those claims be **DISMISSED WITHOUT PREJUDICE.**

Signed March 21, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge